IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY J. OSBORNE, J-05426, | ) | |
| Plaintiff(s), | ) | No. C 10-5548 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| CONAN O'BRIEN, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at Mule Creek State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that former NBC Late Night Show host Conan O'Brien, unknown NBC employees and his former cell mate at Pelican Bay State Prison conspired to deprived him of life and liberty in violation of his federal constitutional rights.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Unfortunately for plaintiff, his § 1983 action against private individuals must be dismissed because it is well-established that a private individual does not act under color of state law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974).  Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   Dec. 15, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Osborne, T1.dismissal.wpd